## CIRCUIT COURT OF CLARKE COUNTY

J & K Land

    v.

Harner et al.

December 12, 1984

Case No. (Law) 1931

By JUDGE ROBERT K. WOLTZ

As a result of a jury trial the plaintiff, a partnership, recovered a judgment of $550.00 from the defendants on a contract for the sale and purchase of real estate, but failed to recover for certain other breaches of the contract it sued for.

The matter now in contention is whether the plaintiff should recover attorney fees from the defendant. In a paragraph of the contract headed *DEFAULT*, it was provided that either party could recover of the other attorney fees in litigation for default under the contract, and specific provision was made under the same heading that if the purchaser defaulted in payment of the balance of purchase price, the down payment on purchase price would not be refunded to it but would be considered liquidated damages.

Payment of full purchase price and delivery of deed, thus consummating the sale and conveyance, were not an issue in this case. At issue were alleged breaches of warranties or assurances extending for a limited time past settlement date respecting latent defects in certain of the improvements on the property.

In Virginia a stipulation in a contract for payment of attorney fees can be a valid and enforceable provision. *See Merchants & Planters Bank* v. *Forney*, 183 Va. 83 (1944), as to promissory notes. In this case no issue is made as to the validity of a provision for attorney fees but whether the provision in the contract contemplates

liability for attorney fees for the defendant's breaches. Generally speaking, in my view all defaults under a contract are breaches, but all breaches are not necessarily defaults. Default is defined in *Black's Dictionary*, 3d ed., as "the omission or failure to fulfill a duty, observe a promise, discharge an obligation, or perform an agreement." More particularly as to this case in the context in which the word was used, namely with regard to carrying out the conveyance and payment therefor, in my opinion the parties contemplated attorney fees would be payable in a damage or specific performance suit for default of either party in failing to convey or failing to pay for conveyance.

The plaintiff making claim for attorney fees in this case has the burden of convincing the Court that such attorney fees are due with respect to the other provisions of the contract, including any suit which might develop from breach of warranty or assurance with regard to the latent defects. The defendant has not persuaded the Court in this respect. As a consequence, judgment will enter for the plaintiff on the verdict of $550.00 with interest from the date of the inspection disclosing the latent defect and for its court costs expended, but no judgment will be awarded for attorney fees.